UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NIPPON SANSO MATHESON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-cv-00290-SDN |
| | ) | |
| ERIK M. MISKIN & MAINE | ) | |
| OXY-ACETYLENE SUPPLY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER

On June 2, 2026, Plaintiff Nippon Sanso Matheson, Inc. ("Matheson") filed an unverified complaint alleging several violations of federal and state law against Mr. Erik Miskin and Maine Oxy-Acetylene Supply Company (collectively "the Defendants") related to confidential business information which Mr. Miskin allegedly misappropriated from Matheson. ECF No. 1. That same day, Matheson filed an ex parte motion under seal for a temporary restraining order ("TRO") and a motion for preliminary injunction. ECF No. 4. After reviewing the Plaintiff's request, the Court **DENIES** the ex parte motion for a temporary restraining order without prejudice.

### ANALYSIS

A court may issue a TRO under Federal Rule of Civil Procedure 65(b) only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

1

Fed. R. Civ. P. 65(b)(1). Federal courts must limit ex parte temporary restraining orders "to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Courts must ensure strict compliance with Rule 65(b)(1) before considering enjoinment of a party without notice. *See Garcia v. Cellco P'ship*, No. 26-CV-00149, 2026 WL 842269, at *2 (D. Me. Mar. 24, 2026).

Plaintiff has failed to comply with Rule 65(b)(1)'s requirements. The Court cannot locate in the unverified complaint or the motion an affidavit demonstrating specific facts that clearly show "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," or a certification from the plaintiff's attorney regarding "efforts made to give notice [to the opposing party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Confusingly, Plaintiff states it is planning to serve the complaint and the instant motion to Defendants "immediately following filing," ECF No. 4 at 13, ostensibly obviating the need for the motion to be ex parte. The Court cannot ascertain why the ex parte motion should be granted given the "fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 439.

The Court notes this Order addresses only Plaintiff's failure to comply with the strict and mandatory provisions of Rule 65(b)(1). The Court is not otherwise commenting on the merits of the complaint or the motion for preliminary injunction and will await service of the complaint and summons upon Defendants and their entries of appearance in this case before proceeding further.

Accordingly, the Court **DISMISSES without prejudice** Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Motion for Preliminary Injunction but only to the extent the motion seeks an emergency temporary restraining order. ECF No. 4. It is hereby **ORDERED** the Clerk of Court shall unseal the motion and attachments at ECF No. 4.

**SO ORDERED.**

Dated this 3rd day of June, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**