UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NIPPON SANSO MATHESON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-cv-00290-SDN |
| | ) | |
| ERIK M. MISKIN & MAINE OXY-ACETYLENE SUPPLY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR A PRELIMINARY INJUNCTION**

This matter arises from a dispute between Plaintiff Nippon Sanso Matheson, Inc. ("Matheson") against its former employee, Erik M. Miskin, and Mr. Miskin's new employer, Maine Oxy-Acetylene Supply Company ("Maine Oxy"). Matheson alleges Mr. Miskin misappropriated Matheson's confidential business information following Mr. Miskin's resignation and subsequent employment with Maine Oxy, in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, the Maine state law counterpart, and in breach of the "Covenant Not to Compete, Confidentiality, and Intellectual Property Protection Agreement" ("2022 Agreement") signed by Matheson and Mr. Miskin as a condition of Mr. Miskin's promotion while employed at Matheson.

The Court previously granted Matheson's first motion for injunctive relief and enjoined Defendants from violating the terms of the 2022 Agreement. ECF No. 35. The Court specifically ordered that from April 24, 2026 (the date of Mr. Miskin's resignation from Matheson) until April 24, 2027, "Mr. Miskin will not provide any services to shared customers of Matheson and Maine Oxy, nor will he solicit business from, attempt to sell, license, or provide the same or similar products or services to any then-present customers

of Matheson." *Id.* at 13. The Defendants were further enjoined from "accessing, using, copying, disseminating, or making any use of any Matheson digital files and related documents" and ordered to dispose of any files or documents in their possession. *Id.* Finally, Defendants were ordered to return to Matheson with seven business days an external hard drive taken by Mr. Miskin following his resignation from Matheson. *Id.*

On August 3, 2026, Matheson filed its second motion for injunctive relief, seeking similar relief as previously sought in their first motion: an injunction enforcing the noncompetition covenant of the 2022 Agreement and preventing Mr. Miskin from providing or accepting "any form of employment with Maine Oxy involving, whether directly or indirectly, industrial gas related services or sales in Maine or New Hampshire." ECF No. 46 at 1–2, 20. Matheson filed this additional motion based in large part on a forensic examination of the hard drive, which Matheson asserts revealed that multiple files on the device containing "highly sensitive customer, pricing, financial, and strategic information" were accessed following Mr. Miskin's resignation from Matheson and the start of his employment at Maine Oxy. *Id.* at 1.

Following Matheson's motion, both Mr. Miskin and Maine Oxy filed separate responses indicating they did not oppose the Court granting the requested injunctive relief to the extent such relief tracked with the language of the 2022 Agreement's noncompetition covenant. ECF No. 57 (Miskin Response); ECF No. 58 (Maine-Oxy Response).[1] In its response, Maine-Oxy represents it has already reassigned Mr. Miskin to employment as an assistant store manager in its South Portland, Maine, location until

[1] During a status conference before the Magistrate Judge on September 4, 2026, ECF No. 67, the parties jointly represented to the Magistrate Judge that the Court could grant the requested injunctive relief.

April 24, 2027, the date the noncompetition covenant expires, and that his new position does not violate the noncompetition covenant of the 2022 Agreement. ECF No. 58 at 1–2. Both Mr. Miskin and Maine Oxy object to the inclusion of the phrase "industrial gas related services or sales" in the injunctive relief proposed by Matheson, as they argue it does not appear in the 2022 Agreement's noncompetition covenant and is ambiguous. *Id.* at 2; ECF No. 57 at 2. In its reply, Matheson does not address the Defendants' objection to the inclusion of this phrase.

The noncompetition covenant prevents Mr. Miskin, for twelve months following his resignation from Matheson, from "engag[ing] in any activity" in which he "provided, engaged in, or performed for" Matheson within the twenty-four months prior to his resignation. The noncompete covenant at issue in the 2022 Agreement reads as follows:

> During Employee's employment with the Company and for a period of twelve (12) months following the date of termination of Employee's employment for whatever reason (the "Restricted Period"), Employee agrees not to engage in any activity in which Employee provided, engaged in, or performed for, or on behalf of the Company, within the twenty-four (24) months prior to Employee's termination, directly or indirectly, individually or as an employee, partner, officer, board member, director, advisor, owner, manager, operator, controller, consultant, agent, representative or shareholder or in any other capacity whatsoever of or for any person, firm, partnership, company or corporation other than the Company or Affiliated Companies, in the geographical areas referred to in Section 4(d) below, that is directly or indirectly, Competing with the business of Company and/or any Affiliated Companies.

ECF No. 15-1 ¶ 4(a). Based on the text of the noncompetition covenant, the Court grants Matheson's requested injunctive relief and enjoins Defendants from violating the noncompetition covenant as stated in the 2022 Agreement.[2]

[2] Because the "industrial gas related services or sales" language requested by Matheson was not included in the noncompetition covenant, and because Matheson did not reply to Defendants' objections on this point, the Court declines to order injunctive relief on this language.

Despite the parties' agreement regarding the Court's issuance of an injunction, the parties continue to disagree over the duration of the injunctive relief as to enforcement of the noncompetition covenant. In its motion, Matheson originally requested injunctive relief from April 24, 2026, the date of Mr. Miskin's resignation from Matheson, until April 24, 2027. ECF No. 46 at 20. In Mr. Miskin's response, he asserts the Court's injunctive order should instead run from the date of the order itself—rather than from April 24—because the purpose of the injunctive relief "is forward-looking and a court cannot enjoin or restrain a party from past actions." ECF No. 57 at 2. Despite its original request to the contrary, Matheson now argues in its reply that the injunctive relief should run for twelve months from August 1, 2026—the date of Mr. Miskin's reassignment to the assistant store manager position. *See* ECF No. 66 at 2. Matheson argues that to enter injunctive relief from the date of the resignation, April 24, credits Mr. Miskin toward the restricted period of time (twelve months) even though Mr. Miskin previously worked in a role that violated the injunction, thereby "depriving Matheson of a substantial portion of the benefit of its bargain." *Id.*

As the parties agree that an injunction should issue currently, and at least for several months, the Court will issue the injunction and schedule a conference to address the parties' dispute over the timing and duration of the injunctive relief. In the meantime, the Court orders injunctive relief and enjoins Defendants from violating the terms of the noncompetition covenant.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Matheson's second motion for injunctive relief, ECF No. 46, and **ENJOINS** Defendants from violating the terms of the noncompetition covenant contained in the 2022 Agreement until at least April 2027.

**SO ORDERED.**

Dated this 11th day of September, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**